**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE RAIVAX GROUP, INC.,<br>23043 Lavender Valley Court<br>Ashburn, Virginia 20148<br><br>Plaintiff,<br><br>v.<br><br>MADISON INVESTMENTS, LLC,<br>2300 Wisconsin Avenue, NW, Suite 300A<br>Washington, DC 20007<br><br>SERVE: Barmak Madani, Registered Agent<br>2300 Wisconsin Avenue, NW<br>Suite 300A<br>Washington, DC 20007<br><br>and<br><br>SIAMAK MADANI,<br>2300 Wisconsin Avenue, NW, Suite 300A<br>Washington, DC 20007<br><br>and<br><br>BARMAK MADANI,<br>5015 Overlook Road, NW<br>Washington, DC 20016-1911<br><br>Defendants. | ) | Civil Action No. _________________ |

**COMPLAINT**

Plaintiff, The Raivax Group, Inc. ("Raivax"), by counsel, for its Complaint against Madison Investments, LLC ("Madison"), Siamak Madani ("Siamak Madani") and Barmak Madani ("Barmak Madani," together with Siamak Madani, the "Madani Brothers"), states as follows:

## NATURE OF THE ACTION

1. This is simple case of breach of Promissory Note (the "Note") and related Guaranty of Payments (the "Guarantees" or, individually, a "Guaranty"). In May 2023, Raivax loaned Madison Five Hundred Thousand & 00/100 Dollars ($500,000.00) accruing interest at fourteen percent (14%) per year, maturing in two (2) years, as later amended. The Madani Brothers each guaranteed the Note. The Note was not timely paid. In September 2025, the parties entered into a Repayment Agreement for orderly repayment of the outstanding obligation, with the balance due and owing on April 18, 2026. Again, no payments were made, and as of August 14, 2026, the balance due and owing is Three Hundred Sixty-Two Thousand Ninety-Nine & 73/100 Dollars ($362,099.73). Despite demands, Madison and the Madani Brothers have failed – or have otherwise refused – to tender the balance due and owing to Raivax. This action follows.

## PARTIES, JURISDICTION, AND VENUE

2. Raivax is a Virginia Stock corporation, organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located in Ashburn, Virginia.

3. Upon information and belief, Madison is a limited liability company organized and existing under the laws of the District of Columbia. Upon further information and belief, the Madani Brothers are the only members of Madison.

4. Siamak Madani is a natural person who, upon information and belief, is a citizen and resident of the District of Columbia.

5. Barmak Madani is a natural person who, upon information and belief, is a citizen and resident of the District of Columbia.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds Seventy-Five Thousand & 00/100 Dollars ($75,000.00), exclusive of interest and costs, and there is complete diversity of citizenship.

7. Venue is proper herein as each of the defendants are citizens and residents of the District of Columbia, and have contractually agreed to jurisdiction and venue in this Court.

## BACKGROUND FACTS

8. On May 17, 2023, Raivax and Madison entered into the Note in the principal sum of Five Hundred Thousand & 00/100 Dollars ($500,000.00), which Raivax funded as agreed. A copy of the Note is attached as **Exhibit 1**.

9. The Note accrued interest at fourteen percent (14% ) per year with a maturity date twenty-four (24) months thereafter, *i.e.* May 17, 2025.

10. The Madani Brothers each executed a Guaranty, guaranteeing prompt payment of the Note, including all costs incurred by Raivax in obtaining or enforcing payment thereof.

11. On March 28, 2025, Raivax received a Three Hundred Twenty Thousand & 00/100 Dollars ($320,000.00) payment towards the Note.

12. No further payments were received.

13. On or about September 5, 2025, Raivax, on the one hand, and Madison and the Madani Brothers, on the other hand, entered into a Repayment Agreement (the "Repayment Agreement") agreeing and affirming, *inter alia*, that the balance due as of that date was Three Hundred Twenty Thousand & 00/100 Dollars ($320,000.00), as well as the other obligations under the Note, and provided for the orderly repayment of the outstanding balance. A copy of the Repayment Agreement is attached as **Exhibit 2**.

14. Pursuant to the Repayment Agreement, One Hundred Thousand & 00/100 Dollar ($100,000.00) payments were due on February 18, 2026 and March 18, 2026, respectively, with the balance due and owing on April 18, 2026.

15. The Repayment Agreement provides that if any of the foregoing payments were not timely made, then the entire balance became immediately due and owing.

16. Also pursuant to the Repayment Agreement, the Madani Brothers reaffirmed their guaranty obligations under, *inter alia*, the Note and Guarantees.

17. Not a single payment was made to Raivax pursuant to the Repayment Agreement.

18. On August 7, 2026, Raivax provided Madison and the Madani Brothers written notice of default. A copy of the default letter, excluding exhibits, is attached as **Exhibit 3**.

19. More than five (5) days have passed, since receipt of the Default Letter and no payments have been tendered.

20. As of August 14, 2026, Three Hundred Sixty-Two Thousand Ninety-Nine & 73/100 Dollars ($362,099.73) remains due and owing on the Note, and accrues interest at One Hundred Twenty-Two & 74/100 Dollars ($122.74) per day.

21. Pursuant to Section 5 of the Note, and reaffirmed by the Repayment Agreement, Madison and the Madani Brothers have contractually agreed to pay for Raivax' costs, fees, and expenses, including reasonable attorneys' fees.

22. Raivax has satisfied all conditions precedent pursuant to the Note and Repayment Agreement.

## COUNT I
## BREACH OF PROMISSORY NOTE
## (MADISON)

23. Raivax incorporates by reference all allegations set forth above as if fully set forth herein.

24. On May 17, 2023, Raivax and Madison entered into the Note.

25. Madison and the Madani Brothers failed to repay the Note in full on or before the stated maturity date, *i.e.* May 17, 2025.

26. On or about September 5, 2025, the parties entered into the Repayment Agreement, confirming that, as of that date, Three Hundred Twenty Thousand & 00/100 Dollars ($320,000.00) was due and owing to Raivax, with interest continuing to accrue at fourteen percent (14%) per year, with One Hundred Thousand & 00/100 Dollar ($100,000.00) payment obligations to be made on February 18 and March 18, 2026, respectively, and the final balance being due and owing on April 18, 2026.

27. Despite this, no payments, whatsoever, were made under the Repayment Agreement.

28. Madison breached both the Note and the Repayment Agreement as it has failed – and otherwise refuses – to tender the balance due and owing on the Note and Repayment Agreement when due.

29. As a direct and proximate result of Madison's breach, Raivax has been injured in an amount to be determined at trial, but not less than Three Hundred Sixty-Two Thousand Ninety-Nine & 73/100 Dollars ($362,099.73).

**COUNT II**
**BREACH OF GUARANTY**
**(SIAMAK MADANI)**

30. Raivax incorporates by reference all allegations set forth above as if fully set forth herein.

31. As an inducement into entering into the Note, Siamak Madani entered into the Guaranty of Payment, unconditionally and irrevocably guaranteeing prompt payment to Raivax under the Note.

32. On or about September 5, 2025, the parties entered into the Repayment Agreement, confirming that, as of that date, Three Hundred and Twenty Thousand Dollars ($320,000.00) was due and owing to Raivax, with interest continuing to accrue at fourteen percent (14%) per year, with One Hundred Thousand Dollar ($100,000.00) payment obligations to be made on February 18 and March 18, 2026, respectively, and the final balance being due and owing on April 18, 2026.

33. Pursuant to the Repayment Agreement, Siamak Madani reaffirmed all obligations under, *inter alia*, the Note and Guaranty.

34. No payments, whatsoever, were made under the Repayment Agreement.

35. Siamak Madani has breached his guaranty by failing – and otherwise refusing – to tender the balance due and owing to Raivax pursuant to the Note.

36. As a direct and proximate result of Siamak Madani's breach, Raivax has been injured in an amount to be determined at trial, but not less than Three Hundred Sixty-Two Thousand Ninety-Nine & 73/100 Dollars ($362,099.73).

**COUNT III**
**BREACH OF GUARANTY**
**(BARMAK MADANI)**

37. Raivax incorporates by reference all allegations set forth above as if fully set forth herein.

38. As an inducement into entering into the Note, Barmak Madani entered into the Guaranty of Payment, unconditionally and irrevocably guaranteeing prompt payment to Raivax under the Note.

39. On or about September 5, 2025, the parties entered into the Repayment Agreement, confirming that, as of that date, Three Hundred Twenty Thousand & 00/100 Dollars ($320,000.00) was due and owing to Raivax, with interest continuing to accrue at fourteen percent (14%) per year, with payment obligations to be made on February 18 and March 18, 2026 and the final balance being due and owing on April 18, 2026.

40. Pursuant to the Repayment Agreement, Barmak Madani reaffirmed all obligations under, *inter alia*, the Note and Guaranty.

41. No payments, whatsoever, were made under the Repayment Agreement.

42. Barmak Madani has breached his guaranty by failing – and otherwise refusing – to tender the balance due and owing to Raivax pursuant to the Note.

43. As a direct and proximate result of Barmak Madani's breach, Raivax has been injured in an amount to be determined at trial, but not less than Three Hundred Sixty-Two Thousand Ninety-Nine & 73/100 Dollars ($362,099.73).

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, The Raivax Group, Inc. requests this Court enter an Order granting: (i) judgment against Madison, Siamak Madani and Barmak Madani, jointly and severally, in the amount of Three Hundred Sixty-Two Thousand Ninety-Nine & 73/100 Dollars ($362,099.73); (ii) pre-judgment interest at fourteen percent (14%) per year from a date to be determined by the Court until the date of judgment; (iii) post-judgment interest at fourteen percent (14%) per year from the date of judgment until paid-in-full; (iv) attorneys' fees incurred herein pursuant to Section 5 of the Note as reaffirmed by the Repayment Agreement; (v) all costs incurred herein; and (vi) such other and further relief as this Court deems just and proper.

Dated: August 14, 2026

Respectfully submitted,

*/s/ Stacey Rose Harris*

Stacey Rose Harris (DC Bar No. 486359)
Kollin G. Bender (DC Bar No 90011867)
HIRSCHLER FLEISCHER, P.C.
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone: 703.584.8900
Facsimile: 703.584.8901
E-mail: sharris@hirschlerlaw.com
kbender@hirschlerlaw.com

*Counsel for The Raivax Group, Inc.*